## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JONATHAN WILLIFORD                               CIVIL ACTION NO.

VERSUS                                                        22-851-BAJ-SDJ

DANIEL PEOPLES, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 31, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN WILLIFORD                                      CIVIL ACTION NO.

VERSUS                                                            22-851-BAJ-SDJ

DANIEL PEOPLES, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Jonathan Williford,[1] who is representing himself and is confined at the Catahoula Correctional Center in Harrisonburg, Louisiana.[2] Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that Williford's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim and that this Court decline to exercise supplemental jurisdiction over any potential state law claims.

I.   **Background**

Williford instituted this action against Daniel Peoples, Apache Industrial Services Insulation Incorporated, the Livingston Parish Domestic Violence Advocate, the Livingston Parish Sheriff's Department, Ben Ballard, and Judge Brenda Ricks of the 21st Judicial District Court pursuant to 42 U.S.C. § 1983.[3] Though Williford's complaints are not entirely clear, it appears he takes issue with problems that arose in his employment with Apache, a friend being taken into custody by immigration officials, the refusal of the state court to issue a protective order, and an apparent custody and child support dispute.[4] It appears that Williford blames Peoples, as an apparent ring leader, for all of his troubles.

---

[1] Williford also attempted to name his son Jayden Williford as a Plaintiff. R. Doc. 1, p. 1.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 1.
[4] R. Doc. 1, pp. 4-6.

## II.   Law & Analysis

### a. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5] The statutes give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact, and the court may dismiss any claim that does not pass screening, before service of process or before any defendant has answered.

To determine whether a complaint fails to state a claim, courts apply the same standard used for dismissals under Fed. R. Civ. Proc. 12(b)(6).[6] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[10]

---

[5] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis*. 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Williford was granted IFP status on January 27, 2023, so both statutes apply. R. Doc. 8.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### b. The Court Does Not Glean Any Constitutional or Federal Statutory Claims Properly Brought Under § 1983 by Williford[15]

At the outset the Court notes that Williford's claims are largely incoherent and difficult to discern. However, it appears he is alleging some conspiracy led by Daniel Peoples, a private individual, that has led to Williford's being terminated from his employment, another individual being taken into custody by immigration officials, and has caused Williford some issues with being denied protective orders and child custody and support.[16] This case appears ripe for dismissal as "wholly insubstantial and frivolous,"[17] but, out of an abundance of caution the Court provides the following with respect to the claims it has been able to gather from the Complaint.

Williford alleges he was terminated from his job with Apache Industrial Services Insulation Incorporated and has named Apache and Daniel Peoples, who appears to be in a supervisory position at Apache, as Defendants in relation to this claim.[18] A plaintiff may only bring a § 1983

---

[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[12] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] It is unclear what Williford is claiming with respect to Mrs. Calvillo, but to the extent he is attempting to claim Peoples retaliated against Calvillo by having her brother taken into custody by immigration, he cannot state a claim for numerous reasons, one being the same as stated below—Peoples is not a state actor.
[16] R. Doc. 1, pp. 4-6.
[17] *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (noting that dismissal of claims that are obviously without merit is proper because the court does not even have jurisdiction over such meritless claims).
[18] R. Doc. 1, p. 4.

lawsuit against a state actor to enforce a constitutional right or a right created by federal statute.[19] There is no indication that Apache or Peoples were acting under color of state law or were state actors. Accordingly, Williford's claims against Apache, a private employer, and Peoples, a private individual, are subject to dismissal.[20]

It appears Williford seeks to contest judgments of the Twenty-First Judicial District Court denying his requests for protective orders.[21] Based on the Complaint, no federal constitutional or statutory rights are implicated in the denial of the protective orders by the state court. Even if some right were implicated, Williford's request that this Court review final judgments of the state court denying issuance of protective orders would be barred by the *Rooker-Feldman* doctrine.[22]

Finally, this Court lacks subject matter jurisdiction over Williford's complaints regarding child custody and child support. Issues of domestic relations are the province of state courts.[23] Accordingly, this claim is also subject to dismissal.

### c. Exercise of Supplemental Jurisdiction Should be Declined

To the extent Williford's allegations may be interpreted as a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original

---

[19] *Priester. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) ("To state a cause of action under section 1983, the appellant must allege that the person who deprived him of a federal right was acting under color of law.").
[20] *Perez v. Ormiston*, 364 Fed.Appx. 93, 94 (5th Cir. 2010) (dismissal of inmate's § 1983 claim against private employer where private employer was not a state actor affirmed).
[21] R. Doc. 1, p. 5.
[22] *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004). *See also Johnson v. Webre*, No. 20-2703, 2022 WL 3576755 (E.D. La. Aug. 19, 2022) (declining to review judgments of the state court relative to protective orders).
[23] *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983).

jurisdiction, or for other compelling reasons.[24]  Having recommended dismissal of Williford's federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over potential state law claims and that Williford's federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. §§ 1915(e) and/or 1915A and that this case be **CLOSED**.[25]

## ORDER

Considering the recommendation, above, **IT IS ORDERED** that Williford's Motion to Compel Court Records and Transcripts,[26] Motion for Protective Order,[27] and Motion for Emergency Relief[28] are **DENIED** without prejudice to their being reurged should the foregoing recommendation not be adopted.

Signed in Baton Rouge, Louisiana, on March 31, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] 28 U.S.C. § 1367.
[25] Williford is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.
[26] R. Doc. 9.
[27] R. Doc. 10.
[28] R. Doc. 13.